UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRVING A. BACKMAN et al., | Case No. 2:16-CV-1108 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CHRISTOPHER M. GOGGIN, et al., | |
| Defendant(s). | |

Presently before the court is defendants C2 Engineering Services, Inc.'s and Christopher Goggin's (collectively, as "defendants") motion for preliminary injunction. (ECF No. 29).[1] Plaintiffs Irving Backman, Irving Backman & Associates, and G&B Energy, Inc. (collectively, as "plaintiffs") have filed a response (ECF No. 44), to which defendants replied (ECF No. 46).

**I.  Facts**

Plaintiff Backman, individually and through Backman & Associates, claims to have over thirty-five years of experience in marketing new products and business entities relating to emerging technologies. (ECF No. 1).

Defendant Goggin claims to have designed, developed, and patented or has patents pending upon technology that purportedly offers a low-cost alternative to traditional sources of energy such as hydrogen fuel cells or lithium batteries. (*Id.*). Defendant Goggin, individually and on behalf of defendant C2 Engineering Services, Inc., claimed that his technology, "Energy Bank," was a feasible, cost-effective, and superior alternative to other energy generation and storage technologies.

---

[1] Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. Defendants filed the instant motion as a motion for preliminary injunction and the court will construe it as such.

**James C. Mahan**
**U.S. District Judge**

In early 2012, the parties discussed a potential joint business venture to develop defendant's Energy Bank technology. (*Id.*). The parties agreed that working prototypes of Energy Bank would be necessary to demonstrate the attributes and advantages of the technology to potential investors and customers. On April 20, 2012, plaintiff Backman & Associates and defendant entered into an "Agreement of Confidentiality, Non-Competition, and Non-Circumvention." (ECF No. 1, Exh. A). Plaintiffs agreed to introduce Energy Bank technology to potential investors and end users, with a goal of assisting in the funding, development, and marketing of Energy Bank technology. Defendant agreed not to enter into any contracts or business arrangements with those persons or entities introduced by plaintiffs or those considered to be co-workers or competitors. (*Id.*).

In June 2012, plaintiff Backman orally agreed to provide funds to defendant for the purpose of building at least three Energy Bank fuel cells in different sizes and that each unit would be made available to plaintiff G&B and its agents for demonstration purposes. (*Id.*). Plaintiffs and defendant Goggin also discussed and agreed that they would form a new fuel cell company with joint ownership and profit allocation evenly divided between plaintiff Backman, defendant Goggin, and a third party known as the DATT Group. (ECF No. 8). The parties also agreed that plaintiff G&B Energy would own all of the intellectual property rights. Based upon these representations, plaintiffs claim that plaintiff Backman provided defendant approximately $1,042,965.00 for research and the development of Energy Bank. (*Id.*).

On or about May 15, 2015, the parties executed a confirmation agreement similar to and consistent with their June 2012 oral agreement. (ECF No. 7). On July 13, 2015, defendant Goggin signed a patent application assignment and an intellectual property rights assignment, assigning to plaintiff G&B Energy all of his intellectual property rights relating to the provisional patent application and the patent for the invention "Hybrid Metal Fueled Fuel Cell and Battery." (*Id.*).

Plaintiffs claim that defendants have breached these contracts by refusing to produce a working prototype and failing to provide any information about defendant Goggin's progress in developing a working prototype. Plaintiffs assert that defendants have also failed to inform plaintiffs of whether defendant Goggin has filed a non-provisional patent application for Energy

Bank or whether the provisional patent application for Energy Bank has expired. Plaintiffs believe that defendant Goggin did not file a final patent application for Energy Bank within one year of the initial application. If that is the case, plaintiffs assert that the provisional patent has expired, violating both the patent application and intellectual property assignments.

Defendants maintain that plaintiff Backman has sent representatives to inspect Goggin's progress on numerous occasions, during which defendant Goggin claims he gave demonstrations of the technology and provided samples of the technology to take back to Backman. Defendants claim that Goggin has sent plaintiff Backman regular invoice as set forth in their agreement. Defendants allege that plaintiff Backman, however, has failed to make the promised payments, causing Goggin to contribute his own funds.

In the instant motion, defendants request that the court grant a preliminary injunction preventing plaintiff "Backman from further attempting to steal trade secrets and damaging [d]efendants' and G&B's intellectual property. (ECF No. 29). Defendants allege that plaintiff Backman hired a research company to reverse engineer "some or all of the technology invented by Mr. Goggin as part of the Venture, and owned by G&B." (ECF No. 29 at 5).

## II.     Legal Standard

Federal Rule of Civil Procedure 65 provides that the court may issue a preliminary injunction on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A preliminary injunction seeks to preserve the status quo and prevent irreparable harm from occurring before a judgment is issued. *Textile Unlimited Inc. v. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale tests. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**James C. Mahan**
**U.S. District Judge**

"Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.*

"Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

### III.  Discussion

Defendants seeking a preliminary injunction have a burden to satisfy each of the four elements above. *See Winter*, 555 U.S. at 20. In the instant motion, defendants dedicate two pages to their legal argument and analysis, under which defendants merely restate each element while providing little to no support as to how each element has been satisfied. (ECF No. 29 at 5–6). Nevertheless, the court will address each element in turn to determine whether defendants' claim for a preliminary injunction has merit.

### *A.  Likelihood of irreparable injury*

Before a preliminary injunction may issue, the seeking party must show that he will suffer an irreparable injury and otherwise lacks an adequate remedy at law to prevent such injury. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

The mere "possibility" of irreparable harm is not enough to justify a preliminary injunction. *Winter*, 555 U.S. at 22.

As the Supreme Court made clear in *Winter*, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the [seeking party] is entitled to such relief." *Id.*; *see also Alliance for the Wild Rockies*, 632 F.3d at 1131 ("Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.") (emphasis omitted). The threat of irreparable harm must also be "immediate" to warrant preliminary injunctive relief. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

James C. Mahan
U.S. District Judge

- 4 -

1   Defendants allege that plaintiff Backman hired a research and development company,
2   American Technology Co., "to reengineer the technology of the Venture and deprive [d]efendants
3   of their interest in the valuable intellectual property." (ECF No. 29 at 5). Defendants maintain
4   that by doing so, "Backman is putting at risk years of Mr. Goggin's hard work and $1.27 million
5   of [d]efendants' invested funds" because reengineering is unnecessary and causing needless
6   indebtedness to G&B. (ECF No. 29 at 5).

7   Defendants provide no support for their allegations of irreparable harm, nor do they discuss
8   other available remedies at law. *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)
9   (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959); *Aronoff v. Katleman*, 345
10  P.2d 221 (Nev. 1959)). Rather, defendants provide that "[i]f injunctive relief is not immediately
11  provided, [d]efendants will continue to suffer immediate, severe, and irreparable harm for which
12  compensatory damages are an inadequate remedy." (ECF No. 29 at 5). Therefore, defendants
13  have not established a likelihood of irreparable injury if preliminary relief is not granted as required
14  under *Winter*.

15  ### B.   *Likelihood of success on the merits*

16  Defendants generally assert that they are likely to prevail on the merits in the case because
17  they have performed on all aspects of the contracts between defendants and plaintiffs. (ECF No.
18  29 at 6). Defendants maintain that defendant Goggin has put forth his own money to keep the
19  venture moving forward. (ECF No. 29 at 6).

20  In response, plaintiffs argue that defendants provide no evidence to support their assertion.
21  (ECF No. 44).

22  ### C.  *Balance of hardships*

23  Defendants' motion provides no argument for this prong. (ECF No. 29). In their reply,
24  defendants broadly assert that they face great harm if an injunction is not issued while plaintiffs
25  are unlikely to be damaged in any way. (ECF No. 46 at 3).

26  . . .
27  . . .
28  . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

### D. *Advancement of the public interest*

Defendants assert that public interest weighs in their favor because granting the preliminary injunction prevents resources from being wasted and allows parties to work out their issues in court without causing one another damage. (ECF No. 29 at 6).

In response, plaintiffs assert that the public's interest would be best served by acknowledging G&B's right to use, protect, and evaluate its own property. (ECF No. 44 at 7).

Taken as a whole, defendants' allegations are insufficient to meet the requisite burden for a preliminary injunction. An "injunction is a matter of equitable discretion" and "an extraordinary remedy that may only be awarded upon a clear showing that the [seeking party] is entitled to such relief." *Winter*, 555 U.S. at 22, 32. Defendants have not adequately established the four elements required for a preliminary injunction—in particular, defendants have not adequately met the irreparable injury prong necessary for the issuance of a preliminary injunction. Based on the foregoing, the court will deny the instant motion.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for preliminary injunction (ECF No. 29) be, and the same hereby is, DENIED.

DATED August 31, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -