Craig A Newby, Esq. (NSBN 8591)
Joseph P. Schrage, Esq. (NSBN 11270)
**MCDONALD CARANO WILSON, LLP**
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
cnewby@mcwlaw.com
jschrage@mcwlaw.com

Michael C. Fee, Esq. (BBO No. 552796) *(pro hac vice)*
Dennis M. Lindgren, Esq. (BBO No. 648007) *(pro hac vice)*
**PIERCE & MANDELL, P.C.**
Beacon Street, Suite 800
Boston, MA 02108
Telephone: (617) 720-2444
Facsimile: (617) 720-3693
mfee@piercemandell.com
dennis@piercemandell.com

*Attorneys for Irving A. Backman, Irving A. Backman Associates, LLC, G&B Energy, Inc., and Allen Sneider*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IRVING A BACKMAN, an individual; IRVING A. BACKMAN & ASSOCIATES, LLC, a Massachusetts limited liability company; and G&B ENERGY, INC., a Massachusetts corporation.<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER M. GOGGIN, an individual; and C2 ENGINEERING SERVICES, INC., a North Carolina corporation.<br><br>Defendant.<br><br>CHRISTOPHER M. GOGGIN, an individual; and C2 ENGINEERING SERVICES, INC., a North Carolina corporation,<br><br>Counter-Plaintiffs,<br><br>vs.<br><br>IRVING A. BACKMAN, individually and as trustee of the IRVING BACKMAN STOCK ESCROW TRUST, a Massachusetts trust; | Case No: 2:16-cv-01108-JCM-PAL<br><br>**STIPULATED [PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER** |

| | |
|---|---|
| 1 | IRVNIG A. BACKMAN & ASSOCIATES, LLC, a Massachusetts limited liability company; G&B ENERGY, INC., a Massachusetts corporation; DAVID PHANEUF, an individual; JAMIE DODD, an individual; AMETH ALZATE, an individual; FRANK HARRIS WHITE, an individual; STEVEN SCHWARTZ, an individual; AMY CHAUVIN, an individual; and ALLEN SNEIDER, an individual, |
| | Counter-Defendants. |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Irving A. Backman, Irving A. Backman & Associates, LLC, and G&B Energy, Inc. (collectively, "Plaintiffs") and Defendants Christopher M. Goggin and C2 Engineering Services, Inc. (collectively, "Defendants") by and through their respective counsel of record, hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 9 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 10-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

## DEFINITIONS

1.     The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, copies, abstracts, and any other format reproducing or capturing such information, as well as information disclosed orally in connection with settlement or other communications between the parties that qualify for protection under Federal Rule of Civil Procedure 26(c). Pursuant to provisions below, Confidential Information may be designated as either "CONFIDENTIAL," "HIGHLY

1  CONFIDENTIAL," or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

2    2. The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  3. The terms "Disclosure" or "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  4. The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, and subject to Paragraph 14(b) below.

  5. The term "HIGHLY CONFIDENTIAL" shall mean extremely sensitive "Confidential Information or Items," disclosure of which to Parties or Non-Parties, without strict adherence to this agreement, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

  6. The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  7. The term "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  8. The term "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this action.

  9. The term "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10. The term "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

11. The term "documents" shall include, but shall not be limited to: documents; correspondence; memoranda; electronically stored information; source code; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; and models and prototypes and other physical objects.

12. The term "attorneys" shall mean outside counsel retained or employed by the Parties, paralegals, secretaries, and other support staff of those attorneys, and litigation support vendors utilized by said law firms (only so long as said vendors agree to be bound by the terms of this Protective Order by having an appropriate representative of the vendor execute a copy of the form attached hereto as Exhibit A on behalf of the vendor).

13. The term "independent expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by a Party's attorneys to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a party or competitor of a Party.

14. The term "non-independent expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by a party's attorneys to serve as an expert witness or as a litigation consultant in this case, and who does not meet the definition of an independent expert as set forth in paragraph 12.

## GENERAL RULES

15. Each Party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts

of trial testimony and depositions, or other materials and/or information that the Producing Party believes should be subject to this Order may designate the same as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   a. Designation as "CONFIDENTIAL": Any Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Party and its attorneys, the unrestricted disclosure of such material could be potentially prejudicial to the business or operations of such Party.

   b. Designation as "HIGHLY CONFIDENTIAL": Any Party may designate information as "HIGHLY CONFIDENTIAL" only if, in the good faith belief of such Party and its attorneys, the material constitutes proprietary or other confidential customer lists, pricing information, financial information, business plans, marketing plans, sales forecasts, information protected by a right of privacy, or trade secrets. Other than as provided for herein, a Party may designate material as "HIGHLY CONFIDENTIAL" by designating it as such, prior to producing it to opposing counsel.

   c. Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any Party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its attorneys, the material constitutes proprietary or other confidential customer lists, pricing information, financial information, business plans, marketing plans, sales forecasts, information protected by a right of privacy, or trade secrets. The parties shall not designate technical information relating to the use or practice of patents as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY". Other than as provided for herein, a Party may designate material as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by designating it as such, prior to producing it to opposing counsel.

16. In the event the Producing Party elects to initially produce or disclose materials for inspection by a Receiving Party (as opposed to the physical production of such materials), no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon

selection of specified materials for copying by or other physical production to the Receiving Party, the Producing Party shall, within a reasonable time prior to producing those materials to the Receiving Party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking. Materials may also be produced in the first instance with confidentiality markings.

17. For documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the appropriate confidentiality legend to each page that contains Confidential Information.

18. For Disclosures other than documents, and for any other tangible items, the Producing Party shall affix, in a prominent place on the exterior of the container or containers in which the material or item is stored, the appropriate confidentiality legend. In the event a Receiving Party generates any "hard copy" transcription or printout from any designated non-paper media (including, but not limited to, documents produced in native electronic format), such Receiving Party must stamp each page with the appropriate confidentiality legend, and the hard copy, transcription, or printout shall be treated as it is designated.

19. For materials disclosed orally in the context of settlement or other communications between the parties, it shall be sufficient for the Producing Party to identify the information as Confidential Information pursuant to the terms of this Order during the course of the oral communication or promptly thereafter, provided that, written confirmation of the particular designation is made by the Producing Party promptly following the oral communication, and the restrictions that inhere in the particular designation identified shall apply.

20. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party:

a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; if a Party reserves the right on the record, that Party shall have until fourteen (14) calendar days after receipt of the deposition transcript to inform

the other Party or Parties to the action of the portions of the transcript designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

   b. the Producing Party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, attorneys (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 20-23 below; and

   c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and shall be separately bound according to the portions of the transcript bearing each such designation, and should the original or any copy thereof ultimately be presented to the Court for filing, the filing party shall attempt to file same under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

  21. All Protected Material shall not be disclosed by the Receiving Party to anyone other than those persons designated herein as appropriate to the particular designation, and shall be handled in the manner set forth below.

  22. Upon receipt of material or records designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and except as otherwise compelled by law, the Receiving Party may only disclose the material or records to the following:

   a. The Court (under seal prior to time of trial);

   b. The attorneys for the Parties, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this action;

   c. In-house counsel (including legal staff) of a Party who are required to participate in policy decisions with reference to this action subject to the conditions set forth in paragraph 24 and provided that, prior to disclosure, any such counsel is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms by executing an acknowledgment in the form attached hereto as Exhibit "A";

      d.    Independent experts retained or consulted by any Party or its counsel as required to assist in the conduct of this action, provided that, prior to disclosure, any such expert is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms by executing an acknowledgment in the form attached hereto as Exhibit "A";

      e.    Deponents but (1) only to the extent necessary to assist in the conduct or preparation of this litigation; and (2) only after the Deponent has certified in writing (by executing an acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions or has been personally served with the Protective Order on the record of his or her Deposition in the presence of counsel for all parties who have appeared in the action;

      f.    Clerical or ministerial service providers, including outside copying services and court reporters, retained by a Party's counsel to assist such counsel in connection with this action;

      g.    Individuals who either are designated in the document or material itself as an author or recipient thereof, or are otherwise shown to have authored or received the designated document or material, provided that the disclosure to such individuals shall be limited to the specific Confidential Material originally disclosed to such individuals in the particular document. Such individuals shall not retain any Confidential Material;

      h.    Jury consultants and mock jurors (subject to execution of the form attached hereto as Exhibit "A");

      i.    Litigation support vendors (subject to execution of the form attached hereto as Exhibit "A"); and

23. Except as otherwise provided herein, material designated "HIGHLY CONFIDENTIAL" shall be treated pursuant to the same requirements as in Paragraph 22, with the exception that the Receiving Party may also disclose the material or records to the following:

    a. The Parties and their employees (subject to execution of the form attached hereto as Exhibit "A").

24. Except as otherwise provided herein, material designated "CONFIDENTIAL" shall be viewed only by the Parties and their employees, by attorneys of the Receiving Party, by independent experts or non-independent experts retained by the Receiving Party, by the Court and its personnel, by mediators and their staffs, by court reporters, videographers and their staffs, and by the additional individuals listed below and the stenographic and clerical employees associated with such individuals, provided each such additional individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing a copy of the form attached hereto as Exhibit A:

    a. Deponents but only to the extent necessary to assist in the conduct or preparation of this litigation;

    b. Executives of a Party who are required to participate in policy decisions with reference to this action;

    c. In-house counsel (including legal staff) of a Party who are required to participate in policy decisions with reference to this action provided that, prior to disclosure, any such counsel is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms by executing an acknowledgment in the form attached hereto as Exhibit "A";

    d. Technical personnel of the parties with whom attorneys for the Parties find it necessary to consult, in the discretion of such attorneys, in preparation for trial of this action.

    e. Jury consultants, mock jurors, focus group members, or research group participants selected by jury consultants, by jury consultants or by trial counsel in preparation for trial;

        f.      Independent litigation support vendors, including legal interpreters, document reproduction services, computer imaging services and demonstrative exhibit services;

        g.      Individuals who either are designated in the document or material itself as an author or recipient thereof, or are otherwise shown to have authored or received the designated document or material, provided that the disclosure to such individuals shall be limited to the specific Protected Material originally disclosed to such individuals in the particular document. Such individuals shall not retain any Protected Material without the consent of the Producing Party.

25.    With respect to Protected Material any person indicated on the face of the document to be its originator, author, or a recipient of a copy thereof, may be shown the same.

26.    All Protected Material and any and all reproductions thereof, shall be retained in the custody of the attorneys for the Receiving Party, except that experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

27.    Before any Protected Material or any pleadings reflecting Confidential Information are filed with the Court, for any purpose, the Party seeking to file such materials shall seek permission of the Court to file said materials under seal, unless the Designating Party so waives the confidentiality designation. Any request to file such material under seal must comply with Local Rule 10-5. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue.

28.    At any stage of these proceedings, any Party may object to a designation of materials or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The Party objecting to the confidentiality designation shall notify, in writing, attorneys for the Producing Party of the objected-to materials and state the grounds for the objection. If the dispute is not resolved consensually between the Parties within seven (7) calendar days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

29. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. The attorneys for each Party, and each person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

30. If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as confidential, once the Producing Party so notifies the Receiving Party. The Producing Party must promptly provide the Receiving Party with replacement materials that bear the appropriate confidentiality markings, and the Receiving Party shall, in return, provide prompt confirmation of the destruction of the replaced materials. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure to the extent reasonably possible and reasonably cooperate with the Producing Party in attempting to retrieve them and halt their further dissemination.

31. Nothing herein shall prejudice the right of any Party to object to the production of any Discovery Information on the grounds that the material is protected as privileged or as work product.

32. Nothing in this Order shall bar the attorneys from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed in violation of this Order.

33. This Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential

Information. The existence of this Order shall not be used by any Party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

34. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by subpoena, court order or any other legal obligation. Should a Party be required by law, including 37 CFR 1.56, or by order of the Court to disclose Confidential Information, notice should be provided to the Producing Party prior to any such disclosure. The Producing Party shall have seven (7) days from the date of the notice to object to any disclosure of the Confidential Information. If the Producing Party makes a timely objection, the Receiving Party shall not produce the Confidential Information absent a court order. However, the burden shall be on the objecting, Producing Party to seek protection relating to the commanded disclosure in a timely manner. If the Producing Party fails to take such action, it shall be deemed to have waived its objection to the commanded disclosure.

35. The restrictions and obligations herein do not apply to nor prevent a Party from offering into evidence and referring to any documents or information at trial that may have been designated as Confidential Information.

36. Within thirty (30) calendar days of final termination of this action, including any and all appeals, attorneys for the Receiving Party shall either return the Protected Material to the Producing Party, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such material from all machine-readable media on which it resides. Notwithstanding the foregoing, attorneys for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," and will continue to be bound by this Order with respect to all such retained material. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained Confidential Information. The provisions of this Stipulated Protective Order shall survive the termination of this Action, unless otherwise agreed by the Parties or ordered by the

Court. The Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the Order as the Court may deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Order seeking further protection against disclosure or use of claimed confidential information.

37. The restrictions and obligations set forth herein shall not apply to any information that:

a. the Parties agree should not be designated Confidential Information;

b. the Parties agree, or the Court rules, is already public knowledge;

c. the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or

d. has come or shall come into the Receiving Party's legitimate knowledge independently of and prior to the production by the Producing Party as demonstrated by pre-production documentation.

38. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

39. If material is produced in discovery that is subject to a claim of privilege or of protection as trial preparation or work product material ("privilege"), the Party making the claim may notify any Receiving Party of the claim for privilege and the basis for it. In accordance with Federal Rule of Evidence 502(d)-(e), such a production or disclosure does not operate as a waiver of any privilege associated with any such production or disclosure. After being notified by a Party claiming privilege that material produced by that Party is subject to a claim of privilege, a Receiving Party (a) must promptly return or destroy the specified material and any copies it has, (b) must not sequester, use, or disclose the material until the claim is resolved, and (c) must take reasonable steps to retrieve the material if the Party disclosed it before being notified. These obligations include a restriction against presenting the material to the Court for a determination of the claim. The Party making the claim must serve a privilege log that complies with Federal Rule of Civil Procedure

1  26(b)(5) within fourteen (14) calendar days of notifying any Receiving Party of the claim. The
2  party making the claim must also preserve the material until the claim is resolved. The matter shall
3  be resolved on the basis of the information set forth in the privilege log and in accordance with the
4  standards, laws, and rules pertaining to the privilege(s) claimed. This paragraph 37 expressly
5  incorporates the protections of Federal Rule of Evidence 502(d)-(e). Specifically, pursuant to
6  Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected
7  electronically stored information is not a waiver of any applicable privilege or protection in the
8  pending case or in any other federal or state proceeding.

9    40.   The terms of this Order are applicable to information produced by a Non-Party in
10 response to a subpoena in this action and designated as "CONFIDENTIAL," "HIGHLY
11 CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this
12 Order. Such information produced by Non-Parties in connection with this litigation is protected by
13 the remedies and relief provided by this Order. Nothing in these provisions should be construed as
14 prohibiting a Non-Party from seeking additional protections. Additionally, any Party may designate
15 Confidential Information produced by a Non-Party as "CONFIDENTIAL," "HIGHLY
16 CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", subject to the
17 limitations set forth herein.

18   41.   This Order may be modified by agreement of the parties, subject to approval by the
19 Court.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

42. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

RESPECTFULLY SUBMITTED this 1st day of September, 2016.

McDONALD CARANO WILSON LLP

By: /s/ Joseph P. Schrage
   Craig A Newby, Esq. (NSBN 8591)
   Joseph P. Schrage, Esq. (NSBN 11270)
   2300 West Sahara Avenue, Suite 1200
   Las Vegas, NV 89102
   cnewby@mcwlaw.com
   jschrage@mcwlaw.com
   *Attorneys for Irving A. Backman, Irving A. Backman Associates, LLC, G&B Energy, Inc., and Allen Sneider*

LEAH MARTIN LAW

By: /s/ Leah Martin
   Leah Martin, Esq.
   Rosalie Bordelove, Esq.
   6671 S. Las Vegas Blvd.
   Suite D-210
   Las Vegas, NV 89119
   lmartin@leahmartinlv.com
   rbordelove@leahmartinlv.com
   *Attorneys for Christopher M. Goggin and C2 Engineering Services, Inc.*

IT IS SO ORDERED.

_____
HONORABLE PEGGY A. LEEN
UNTED STATES MAGISTRATE JUDGE

DATED: September 6, 2016

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IRVING A BACKMAN, an individual; IRVING A. BACKMAN & ASSOCIATES, LLC, a Massachusetts limited liability company; and G&B ENERGY, INC., a Massachusetts corporation.<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER M. GOGGIN, an individual; and C2 ENGINEERING SERVICES, INC., a North Carolina corporation.<br><br>Defendant. | Case No: 2:16-cv-01108-JCM-PAL<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in the above-captioned action, and have received a copy of the Protective Order.

3. I promise that I will use any and all Protected Material (as defined in the Protective Order), given to me only in manners authorized by the Protective Order, and only to assist the attorneys in the litigation of this matter.

4. I promise that I will not disclose or discuss such Confidential Information with anyone other than with persons permitted access to the particular Confidential Information under the terms of the Protective Order. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to enforcement of the Protective Order.

      6.    I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

      I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

Printed Name: _____

On Behalf of Company (if appropriate): _____