UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IRVING A. BACKMAN, et al.,<br><br>         Plaintiffs,<br> v.<br>CHRISTOPHER M. GOGGIN, et al.,<br><br>         Defendants. | Case No. 2:16-cv-01108-JCM-PAL<br><br>ORDER<br><br>(Mot WD Atty – ECF No. 99) |

   Before the court is the Motion to Withdraw as Counsel for Defendants and Counter-Claimants Christopher M. Goggin and C2 Engineering Services, Inc., (ECF No. 99). The motion represents that counsel is requesting to withdraw because the clients have been unable to meet their financial obligations to Leah Martin Law. Leah A. Martin and Rosalie Bordelove of Leah Martin Law therefore seek leave to withdraw as counsel of record for Defendants Christopher M. Goggin, and C2 Engineering Services, Inc.

   A corporation cannot appear except through counsel. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *United States v. High Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993). The Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

   A review of this matter shows that discovery is scheduled to expire on May 11, 2017.

   Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED:**

1. The Motion to Withdraw (ECF No. 99) is **GRANTED**.
2. Defendant **Christopher M. Goggin** shall have until **March 17, 2017**, in which to retain substitute counsel who shall make an appearance in accordance with the

1  requirements of the Local Rules of Practice, or shall file a notice with the court that he will be appearing in this matter *pro se*.

3. Defendant Goggin's failure to timely comply with this order by either obtaining substitute counsel, or filing a notice that he will be appearing in this matter *pro se* may result in the imposition of sanctions, which may include a recommendation to the District Judge for default judgment against Defendant Goggin.

4. Defendant **C2 Engineering Services, Inc.** shall have until **March 17, 2017**, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.

5. Defendant C2 Engineering Services, Inc.'s failure to timely comply with this order by obtaining substitute counsel may result in the imposition of sanctions, which may include a recommendation to the district judge for default judgment against Defendant C2 Engineering Services, Inc.

6. The Clerk of the Court shall serve the Defendants with a copy of this order at the individual's last known address, and the address for the corporation's agent for service of process:

Christopher M. Goggin
518 Jani Place
Boulder City, NV  89005

C2 Engineering Services, Inc.
c/o Christine A. Goggin
4415 Northchase Parkway NE
Wilmington, NC  28405

DATED this 22nd day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE