1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                                 * * *

7    IRVING A. BACKMAN et al.,                Case No. 2:16-CV-1108 JCM (PAL)

8                        Plaintiff(s),                      ORDER

9         v.

10   CHRISTOPHER M. GOGGIN, et al.,

11                       Defendant(s).

12

13          Presently before the court is counterdefendant Allen Sneider's ("Sneider") motion to

14   dismiss.   (ECF No. 55).   Defendant/counterclaimant Christopher Goggin ("Goggin") filed a

15   response (ECF No. 66), to which Sneider replied (ECF No. 67).

16          Also before the court is counterdefendant Jamie Dodd's ("Dodd") motion to dismiss.  (ECF

17   No. 61).  Defendants/counterclaimants C2 Engineering Services, Inc. ("C2" and collectively, with

18   Goggin, as "defendants") and Goggin filed a response (ECF No. 69), to which Dodd replied (ECF

19   No. 71).

20          Also before the court is counterdefendant David Phanuef's ("Phanuef") motion to dismiss.

21   (ECF No. 64).  Defendants filed a response (ECF No. 68), to which Panuef replied (ECF No. 70).

22          Also before the court is counterdefendant Frank Slauenwhite's ("Slauenwhite") motion to

23   dismiss.  (ECF No. 86).  Defendants filed a response (ECF No. 89), to which Slauenwhite replied

24   (ECF No. 94).

25          Also before the court is counterdefendant Ameth Alzate's ("Alzate") motion to dismiss.

26   (ECF No. 87).  Defendants filed a response (ECF No. 91), to which Alzate replied (ECF No. 95).

27          Also before the court is counterdefendant Steven Swartz's ("Swartz") motion to dismiss.

28   (ECF No. 88).  Defendants filed a response (ECF No. 90), to which Swartz replied (ECF No. 93).

James C. Mahan
U.S. District Judge

## I.     Facts

The instant action involves various claims regarding certain intellectual property.  On May 17, 2016, plaintiffs Irving A. Backman ("IAC"), Irving A. Backman & Associates ("IACA"), and G&B Energy, Inc. ("G&B" and collectively, with IAC and IACA, as "plaintiffs") filed the underlying complaint against defendants Goggin and C2, alleging eight causes of action: (1) breach of contract; (2) unjust enrichment; (3) fraud and misrepresentation; (4) breach of fiduciary duty; (5) conversion; (6) accounting and inspection; (7) injunctive relief; and (8) misappropriation of trade secrets.  (ECF No. 1).

On June 13, 2016, defendants Goggin and C2 filed a counterclaim (ECF No. 22), which defendants amended on June 23, 2016 (ECF No. 26).  The amended counterclaim names eleven counterdefendants: (1) IAC; (2) IACA; (3) G&B; (4) Phaneuf; (5) Dodd; (6) Alzate; (7) Slauenwhite; (8) Swartz; (9) Amy Chauvin ("Chauvin"); (10) Sneider; and (11) Irving Backman Stock Escrow Trust ("Trust").  (ECF No. 26).  In the amended counterclaim, defendants allege five causes of action: (1) breach of contract against IAC and IACA; (2) breach of fiduciary duty against IAC and IACA; (3) breach of the covenant of good faith and fair dealing against IAC and IACA; (4) dissolution against all counterdefendants; and (5) unjust enrichment against all counterdefendants.  (ECF No. 26).

Plaintiff IAC, individually and through IACA, claims to have over thirty-five years of experience in marketing new products and business entities relating to emerging technologies.  (ECF No. 1).

Defendant Goggin claims to have designed, developed, and patented or has patents pending upon technology that purportedly offers a low-cost alternative to traditional sources of energy such as hydrogen fuel cells or lithium batteries.  (ECF No. 1).  Defendant Goggin, individually and on behalf of defendant C2, claimed that his technology, "Energy Bank," was a feasible, cost-effective, and superior alternative to other energy generation and storage technologies.

In early 2012, the parties discussed a potential joint business venture to develop defendant's Energy Bank technology.  (ECF No. 1.).  The parties agreed that working prototypes of Energy Bank would be necessary to demonstrate the attributes and advantages of the technology

to potential investors and customers.  On April 20, 2012, plaintiff IACA and defendant entered into an "Agreement of Confidentiality, Non-Competition, and Non-Circumvention." (ECF No. 1, exh. A).  Plaintiffs agreed to introduce Energy Bank technology to potential investors and end users, with a goal of assisting in the funding, development, and marketing of Energy Bank technology.  Defendant agreed not to enter into any contracts or business arrangements with those persons or entities introduced by plaintiffs or those considered to be co-workers or competitors. (ECF No. 1, exh. A).

In June 2012, plaintiff IAC orally agreed to provide funds to defendant for the purpose of building at least three Energy Bank fuel cells in different sizes and that each unit would be made available to plaintiff G&B and its agents for demonstration purposes.  (ECF No. 1).  Plaintiffs and defendant Goggin also discussed and agreed that they would form a new fuel cell company with joint ownership and profit allocation evenly divided between plaintiff IAC, defendant Goggin, and a third party known as the DATT Group.  (ECF No. 8).  The parties also agreed that plaintiff G&B would own all of the intellectual property rights.  Based upon these representations, plaintiffs claim that plaintiff IAC provided defendant approximately $1,042,965.00 for research and the development of Energy Bank.  (ECF No. 8).

On or about May 15, 2015, the parties executed a confirmation agreement similar to and consistent with their June 2012 oral agreement.  (ECF No. 7).  On July 13, 2015, defendant Goggin signed a patent application assignment and an intellectual property rights assignment, assigning to plaintiff G&B all of his intellectual property rights relating to the provisional patent application and the patent for the invention "Hybrid Metal Fueled Fuel Cell and Battery."  (ECF No. 7).

Plaintiffs claim that defendants have breached these contracts by refusing to produce a working prototype and failing to provide any information about defendant Goggin's progress in developing a working prototype.  Plaintiffs assert that defendants have also failed to inform plaintiffs of whether defendant Goggin has filed a non-provisional patent application for Energy Bank or whether the provisional patent application for Energy Bank has expired.  Plaintiffs believe that defendant Goggin did not file a final patent application for Energy Bank within one year of

James C. Mahan
U.S. District Judge

- 3 -

1   the initial application.  If that is the case, plaintiffs assert that the provisional patent has expired,

2   violating both the patent application and intellectual property assignments.

3           Defendants maintain that plaintiff IAC has sent representatives to inspect Goggin's

4   progress on numerous occasions, during which defendant Goggin claims he gave demonstrations

5   of the technology and provided samples of the technology to take back to IAC.  Defendants claim

6   that Goggin has sent plaintiff IAC regular invoice as set forth in their agreement.  Defendants

7   allege that plaintiff IAC, however, has failed to make the promised payments, causing Goggin to

8   contribute his own funds.

9           In the instant motions, counterdefendants Sneider, Dodd, Phanuef, Slauenwhite, Alzate,

10  and Swartz (collectively, as "counterdefendants") move to dismiss counterclaims (4) and (5) of

11  defendants' amended counterclaim.  The court will address each as it sees fit.[1]

12  **II.     Legal Standard**

13          A court may dismiss a complaint for "failure to state a claim upon which relief can be

14  granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

15  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

16  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

17  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

18  elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

19          "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

20  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

21  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

22  omitted).

23          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

24  when considering motions to dismiss.  First, the court must accept as true all well-pled factual

25  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

26

27  ───────────────

28          [1] As an initial matter, in light of plaintiffs' response (ECF No. 103), the court will discharge
    its order to show cause (ECF No. 102).

**James C. Mahan**
**U.S. District Judge**

1    *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory

2    statements, do not suffice.  *Id.* at 678.

3         Second, the court must consider whether the factual allegations in the complaint allege a

4    plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

5    alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

6    alleged misconduct.  *Id.* at 678.

7         Where the complaint does not permit the court to infer more than the mere possibility of

8    misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.*

9    (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line

10   from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

11        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

12   1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

13        First, to be entitled to the presumption of truth, allegations in a complaint or
         counterclaim may not simply recite the elements of a cause of action, but must
14        contain sufficient allegations of underlying facts to give fair notice and to enable
         the opposing party to defend itself effectively.  Second, the factual allegations that
15        are taken as true must plausibly suggest an entitlement to relief, such that it is not
         unfair to require the opposing party to be subjected to the expense of discovery and
16        continued litigation.

17   *Id.*

18   **III.   Discussion**

19        **A.  Dissolution** (counterclaim 4)

20        Defendants allege that dissolution of G&B is proper pursuant to NRS 78.650 because

21   defendants have an interest in G&B's assets, which defendants have been prevented from

22   recovering due to counterdefendants' mismanaging of G&B.  (ECF No. 26 at 18).

23        Subsection (1) of NRS 78.650 provides, in relevant part, as follows:
         Any holder or holders of one-tenth of the issued and outstanding stock may apply
24        to the district court in the county in which the corporation has its principal place of
         business or, if the principal place of business is not located in this State, to the
25        district court in the county which the corporation's registered office is located, for
         an order dissolving the corporation . . . .
26   Nev. Rev. Stat. § 78.650(1).

27        According to the amended counterclaim, G&B is a Massachusetts corporation with its

28   principal place of business in Dedham, Massachusetts.  (ECF No. 26 at 11).   The amended

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   counterclaim fails to allege the location of G&B's registered office.  Thus, dissolution of G&B is

2   not proper under NRS 78.650.

3       Accordingly, the court will grant counterdefendants' motions to dismiss as to this claim.

4       **B.  Unjust Enrichment** (counterclaim 5)

5       In the amended counterclaim, defendants allege that counterdefendants received a benefit

6   in the form of stock issued by G&B without paying consideration and were unjustly enriched by

7   the receipt thereof.  (ECF No. 26 at 18).

8       Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of

9   damages "whenever a person has and retains a benefit which in equity and good conscience

10  belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273

11  (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995).  The

12  statute of limitation for an unjust enrichment claim is four years.  *In re Amerco Derivative Litig.*,

13  252 P.3d 681, 703 (Nev. 2011) (citing NRS 11.190(2)(c)).  To state an unjust enrichment claim, a

14  plaintiff must plead and prove three elements:

15      (1) a benefit conferred on the defendant by the plaintiff;
        (2) appreciation by the defendant of such benefit; and (3) an acceptance and
16      retention by the defendant of such
        (3) benefit under circumstances such that it would be inequitable for him to retain
17      the benefit without payment of the value thereof.

18  *Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica*

19  *Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)).  However, where there is

20  an express contract, an unjust enrichment claim is unavailable.  *Leasepartners Corp. v. Robert L.*

21  *Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997) (finding that the existence

22  of an expressed, written agreement bars an unjust enrichment claim because there can be no

23  implied agreement).

24      Here, defendants' unjust enrichment claim fails to state a claim against the

25  counterdefendants because the amended counterclaim fails to allege that defendants conferred a

26  benefit onto counterdefendants.  To the contrary, the amended counterclaim alleges that G&B, not

27  defendants, issued the stock upon which counterdefendants benefited.  Thus, defendants'

28

James C. Mahan
U.S. District Judge

- 6 -

1   counterclaim for unjust enrichment fails to sufficiently state a claim against counterdefendants

2   Sneider, Dodd, Phanuef, Slauenwhite, Alzate, and Swartz.

3        Accordingly, the court will grant counterdefendants' motions to dismiss as to this claim.

**IV.   Conclusion**

5        Based on the aforementioned, defendants' counterclaims for dissolution and unjust

6   enrichment against counterdefendants Sneider, Dodd, Phanuef, Slauenwhite, Alzate, and Swartz

7   will be dismissed without prejudice for failure to state a claim pursuant to Rule 12(b)(6).

8        Accordingly,

9        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court's order to show

10  cause (ECF No. 102) be, and the same hereby is, DISCHARGED.

11       IT IS FURTHER ORDERED that Sneider's motion to dismiss (ECF No. 55) be, and the

12  same hereby is, GRANTED consistent with the foregoing.

13       IT IS FURTHER ORDERED that Dodd's motion to dismiss (ECF No. 61) be, and the same

14  hereby is, GRANTED consistent with the foregoing.

15       IT IS FURTHER ORDERED that Phanuef's motion to dismiss (ECF No. 64) be, and the

16  same hereby is, GRANTED consistent with the foregoing.

17       IT IS FURTHER ORDERED that Slauenwhite's motion to dismiss (ECF No. 86) be, and

18  the same hereby is, GRANTED consistent with the foregoing.

19       IT IS FURTHER ORDERED that Alzate's motion to dismiss (ECF No. 87) be, and the

20  same hereby is, GRANTED consistent with the foregoing.

21       IT IS FURTHER ORDERED that Swartz's motion to dismiss (ECF No. 88) be, and the

22  same hereby is, GRANTED consistent with the foregoing.

23       DATED March 15, 2017.

UNITED STATES DISTRICT JUDGE