UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRVING A. BACKMAN et al.,<br><br>                              Plaintiff(s),<br><br>        v.<br><br>CHRISTOPHER M. GOGGIN, et al.,<br><br>                              Defendant(s). | Case No. 2:16-CV-1108 JCM (PAL)<br><br>ORDER |

Presently before the court is *pro se* defendant Christopher Goggin's motion for enlargement of time. (ECF No. 104).

As an initial matter, while Goggin may appear *pro se* on his own behalf, he may not appear on behalf of defendant C2 Engineering Services, Inc. because a corporation cannot appear except through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *United States v. High Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

On February 22, 2017, the court granted a motion to withdraw filed by defense counsel, Leah Martin Law Firm, asserting that defendants' inability to pay for legal services rendered further representation of defendants untenable and created an unreasonable financial hardship on the firm. (ECF No. 101). The court ordered as follows:

> IT IS FURTHER ORDERED that Defendant Christopher M. Goggin shall have until 3/17/17, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice, or shall file a notice with the court that he will be appearing in this matter *pro se*.
>
> IT IS FURTHER ORDERED that Defendant C2 Engineering Services, Inc. shall have until 3/17/17, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.

(ECF No. 101).

**James C. Mahan**
**U.S. District Judge**

On March 13, 2017, defendant Goggin filed the instant motion, requesting an extension of 60 to 90 days to retain new counsel with the proper engineering background to support his case. (ECF No. 104). Defendant asserts that he is presently in search of a new attorney but has yet to find a suitable attorney. (ECF No. 104 at 3).

Defendants have had ample opportunity to obtain new counsel. Leah Martin Law Firm served defendants with notice of withdrawal on January 6, 2017. (*See* ECF No. 99 at 5). On February 22, 2017, the court granted the motion to withdraw, wherein defendants were given until March 17, 2017, to find substitute counsel. (ECF No. 101).

In light of the foregoing, the court will extend defendants' deadline to retain substitute counsel to April 14, 2017. Further, all deadlines set forth in the scheduling order (ECF No. 85) will remain in effect. *See* LR IA 11-6(d) ("Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.").

The court cautions that failure of defendant C2 Engineering Services, Inc. to timely obtain substitute counsel may result in default judgment. *See, e.g.*, *High Country Broadcasting*, 3 F.3d at 1245 (holding that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation).

Further, while the court acknowledges that the instant motion was filed *pro se*, *pro se* litigants are nonetheless bound by the same rules of procedure that governs other litigations. *See King v. Attiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Defendant Goggin shall ensure that future filings comply with the applicable federal and local rules.

Accordingly,

IT IS HEREBY ORDERED that defendant Goggin's motion for enlargement of time (ECF No. 104) be, and the same hereby is, GRANTED IN PART consistent with the following:

**James C. Mahan**
**U.S. District Judge**

- 2 -

(1) Defendant Goggin shall have until **April 14, 2017**, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice, or shall file a notice with the court that he will be appearing in this matter *pro se*; and

(2) Defendant C2 Engineering Services, Inc. shall have until **April 14, 2017**, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.

DATED March 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -