UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRVING A. BACKMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER M. GOGGIN, et al.,<br><br>Defendants. | Case No. 2: 16-cv-01108-JCM-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 129) |

This matter is before the court on Plaintiffs' Motion to Seal (ECF No. 129). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). However, public "access to judicial records is not absolute." *Kamakana*, 447 F.3d at 1178. The Ninth Circuit has held that the strong presumption of access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id*. at 1179. Thus, a movant must show "compelling reasons" to seal judicial records attached to a dispositive motion. *Id*. (citing *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). In general, compelling reasons exist when court records might become a vehicle for improper purposes, "such as to gratify private spite, promote public scandal, commit libel, or release trade secrets." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011).

The Ninth Circuit has made it clear that the sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g.*, *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512 (1984). The Supreme Court has instructed that a sealing order should be "limited to information that was actually sensitive," that is only the parts of the material necessary to protect the compelling interest. *Id.* Thus, even where a court determines that disclosure of information may result in particularized harm, and the private interest in protecting the material outweighs the public interest in disclosure, a court must still consider whether redacting confidential portions of the material will leave meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 425 (citing *Foltz*, 331 F.3d at 1136–37).

Plaintiffs' Motion (ECF No. 129) seeks leave to file under seal their motion for summary judgment and the related exhibits. *See* Pl.'s Sealed Mot. Summ. J. (ECF No. 130) (attaching Appendix of Exhibits (ECF No. 130-1)).[1] The Protective Order (ECF No. 59) entered in this case governing confidentiality obligates Plaintiffs to seek leave to file the confidential documents under seal. Plaintiffs state that the motion and exhibits involve highly confidential proprietary information, financial records, intellectual property, and trade secrets. Pursuant to the protective

---

[1] The court notes that the Appendix of Exhibits (ECF No. 130-1) fails to comply with the Local Rules' requirements that: exhibits or attachments "be attached as separate files." LR IC 2-2(a)(3)(A). Electronic filers are prohibited from combining exhibits into one PDF document and then filing that single PDF as the "main document" in CM/ECF's document upload screen. *Id.* (exhibits "must not be filed as part of the base document in the electronic filing system"). This is particularly problematic when portions of a filing may be sealed because this practice makes it impossible for the Clerk of the Court to seal or unseal specific documents as needed since the docketing clerks cannot separate the pages for sealing purposes. *See* LR IA 10-5(b). Instead, the Local Rules require litigants to save *each* document or exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen as "attachments" to a main document. The shortcut of filing only one PDF inevitably causes additional work for the court, docketing clerks, and the parties. Should leave to file under seal be granted for some but not all documents, the court must then order litigants to refile the sealed and unsealed documents separately, rather than simply instructing the docketing clerks to seal or unseal the documents in accordance with the court's findings.

Failure to follow the Local Rules of Practice and CM/ECF filing requirements will delay and complicate the court's review of the docket. Counsel are responsible for informing themselves and instructing their staff regarding the correct electronic filing procedures. The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the court's website. The parties are cautioned that the court may strike from the record any prospective filings that fail to comply with the Local Rules.

2

order, Plaintiffs seek leave to preserve the confidentiality of such information and will publicly file a redacted copy of the motion for summary judgment.

Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana* and its progeny, the court finds that the parties have met their burden of establishing compelling reasons for the unredacted motion for summary judgment and the related exhibits to remain under seal. Plaintiffs narrowly tailored the sealing requests to the extent possible by agreeing to file a redacted version of the summary judgment motion on the public docket.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Seal (ECF No. 129) is **GRANTED IN PART AND DENIED IN PART**.
2. The unredacted Motion for Summary Judgment (ECF No. 130) and Appendix of Exhibits (ECF No. 130-1) shall remain under seal.
3. Plaintiffs shall immediately file a redacted copy of the motion for summary judgment on the public docket.

Dated this 26th day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE